[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that her criminal trial attorney, Wesley Spears, was ineffective in assisting her in that he allowed her to plead guilty in the Alford Doctrine to two (2) charges of possession of cocaine. It is the claim of the petitioner that there was no factual basis for one of such charges and that because of her limited criminal responsibility for the other charge, she would have been granted a Pretrial Accelerated Rehabilitation. She further claims that she discussed with Spears prior to her plea whether such convictions would have an effect on her status as an alien resident. She was a citizen of Canada and not the United States. He advised her that it would have no effect but because of the convictions she is in a status of being deported.Petitioner's Exhibit 5.
She testified that she has resided in the United States since she was four (4) years old from 1960. She has consistently been employed basically in the insurance industry during her adult CT Page 11949 life with one brief lay-off period. She owned a condominium at 140 Park Street, Manchester where she resided with her boyfriend, Jack Stevens, from the summer of 1994 through the early months of 1995. She admits that Stevens was selling crack cocaine from the residence and as a result of a search warrant executed on August 19, 1994 at her residence he was arrested for various drug charges. Subsequently she was arrested in September, 1994 for various drug charges arising from the same search warrant. Although both the petitioner and Stevens testified that the drugs were his and he was the one who was selling them, the police had information that she had made a sale and was present at another sale. See Petitioner's Exhibit 2. After this arrest while both were out on bond she told him that he could not bring drugs to the residence. On February 10, 1995 the police executed a search warrant on her residence at 140 Park Street and on her twin sister's residence across the street at 134 Park Street and stopped her while driving Stevens in her car. The police claimed that both were arrested because Stevens had drugs in his jacket pocket and they found them there when she told them they were. Her sister was likewise arrested when she had drugs in her pocket at the time of the search of her residence. It was after this second arrest that she retained Spears. Stevens was sentenced to ten (10) years, her sister was provided with a divergent program, CADAC and she received concurrent 3 years suspended sentences with 3 years probation for the two (2) charges.
Spears testified that the facts given by the state's attorney were improperly applied to the petitioner's arrest of February 10, 1995, being the facts which were attributed to her sister's arrest. However he corrected that basis at the plea proceedings. See Petitioner's Exhibit 4. He also acknowledged that the plea was made in the Alford Doctrine so, in effect, she was admitting that the State had sufficient evidence on each arrest to warrant there would be a conviction if she went to trial. The State didn't have to prove ownership of the drugs but simply control and dominion and from the police reports the State had sufficient evidence to convince a fact finder that she had possessed such dominion and control on both arrests. He knew the State had enough evidence to proceed against her on both arrests and that Stevens admission of ownership of the drugs gave the petitioner no leverage on her charges. He was also aware that immigration proceedings would be a problem and that she was concerned. She knew the judge would state so in his canvas of her plea and he never told her that she would not have a problem with the Immigration Service. His concern was to get her the best deal CT Page 11950 possible considering that she was foreclosed from divergent programs by her two separate arrests.
The court found that the petitioner in attempting to minimize her involvement, was less than truthful. She attempted to use an error in the state's attorney's recitation of a factual basis for her arrest, denied portions of her statement over her signature of her knowledge of Stevens' possession of drugs on February 10, 1995 and attempted to minimize allowing Stevens the use of her apartment when it was clear she was assisting in his drug dealings.
In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel he must establish both (1) deficient performance, and (2) actual prejudice. Bunkley v. Commissioner of Corrections, 222 Conn. 444,445. She admitted in her testimony that the result was a "good deal" but for the prospects of being deported. She has faiIed however to prove by a fair preponderance of the evidence that situation was by a deficient performance of counsel nor that a different result would occur after trial.
For the above reasons the court denies the petitioner.
Thomas H. Corrigan Judge Trial Referee